**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2268

WALTER F. SORENSON, JR.; SARAH O. SORENSON,

Plaintiffs, Appellants,

v.

H & R BLOCK, INC.; H & R BLOCK TAX SERVICES, INC.; H & R BLOCK
EASTERN TAX SERVICES, INC.; KARL BRANDENBURG; INTERNAL REVENUE
SERVICE, DEPARTMENT OF TREASURY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Selya, Circuit Judge,

Porfilio,[*] Senior Circuit Judge,

and Lynch, Circuit Judge.

James B. Krasnoo with whom Paul J. Klehm was on brief for
appellants.
Adrienne M. Markham with whom Gary M. Ronan was on brief
for defendants, appellees H & R Block, et al.
Richard M. Gelb for defendant, appellee Karl Brandenburg.

---

[*] Of the Tenth Circuit, sitting by designation.

Lewis S. Yelin with whom Mark B. Stern, and Sharon Swingle, Attorneys, Appellate Staff, Civil Division, Department of Justice, Peter D. Keisler, Assistant Attorney General, and Michael J. Sullivan, United States Attorney, were on the brief for defendant, appellee Internal Revenue Service.

––––––––––––––––––

August 20, 2004

––––––––––––––––––

**PORFILIO, <u>Senior Circuit Judge</u>**.  Walter F. and Sarah O. Sorenson, appeal the dismissal of their action for damages against H & R Block, Inc. and others (collectively "Block").  Our review of the issues raised by the Sorensons on appeal discloses no error, and we affirm.

Mr. Sorenson, an airline pilot who also owns a small business, used Block to prepare his state and federal income tax returns for years.  Apparently no problems emerged from this association until preparation of the returns for tax year 1993.  Then, however, disputes arose because Mr. Sorenson insisted on claiming certain income tax deductions contrary to Block's advice.  Mr. Sorenson ultimately prevailed and the deductions were made; but later he was subjected to audits by the Massachusetts Department of Revenue (DOR) and the Internal Revenue Service (IRS).  Although matters with the taxing authorities were settled, Mr. Sorenson paid the DOR over $8,000 and the IRS over $45,000 in back taxes, interest, and penalties for the tax years 1993, 1994, and 1995.

The Sorensons brought this action against Block seeking $5 million in damages, asserting claims for negligence; breach of fiduciary duty; professional malpractice; intentional or negligent infliction of emotional distress; breach of contract; breach of the covenant of good faith and fair dealing; intentional or negligent misrepresentation; loss of consortium; and false and deceptive

trade practices under Massachusetts statutes.[1]  Plaintiffs and defendants both moved for summary judgment.  After a studious and careful consideration of all the issues, the district court granted summary judgment to Block, except for a specific breach of contract claim and a trade practices claim.[2]  On those, the court granted judgment to the Sorensons and awarded total damages of $630.

The genesis of the dispute between the parties occurred on March 3, 1994 during an interview for the purpose of preparing Mr. Sorenson's 1993 returns.  At that meeting, Mr. Sorenson insisted that he was entitled to claim a deduction from taxable income for expenses he incurred in campaigning for local political office.  He also insisted upon a charitable deduction for left over food he had given to a charity when his wedding was cancelled.[3]

The preparer and supervisory personnel advised Mr. Sorenson those deductions were improper.  Unwilling to accept that advice, Mr. Sorenson called Block's headquarters to protest.  Among his complaints was his dissatisfaction with the service he had received from Karl Brandenburg, the district manager under whose direction the Sorenson return was being prepared.

---

[1]Although not an original party to the action, having filed a brief in this court on the discovery issues raised in the district court, the IRS was added as a party to this appeal.

[2]Sorenson v. H & R Block,Inc., 2002 WL 31194868 (D. Mass.)

[3]Apparently he had no receipts for those donations.

-4-

During that conversation, Mr. Sorenson told Linda Murphy, Mr. Brandenburg's supervisor, that he was going to a local Block office "in an hour" to sign the necessary form to have his return filed electronically. He demanded a resolution from Ms. Murphy of whether his campaign expenses were deductible before he signed the document. Without having received a response to that demand, Mr. Sorenson nonetheless signed the form permitting electronic filing of his return on March 16, 1994. The return claimed the deductions questioned by Block.

In July of 1994, the DOR commenced an audit of Mr. Sorenson's state returns, ultimately determining he had improperly declared a Massachusetts domicile. Consequently, DOR disallowed deductions based on that claim as well as other employee business expenses and assessed Mr. Sorenson $8,322.93 in back taxes, interest, and penalties.

In June 1995, the IRS notified Mr. Sorenson of an audit of his 1993 federal return. Mr. Sorenson was instructed to attend a meeting with an auditor and to provide supporting information for deductions he had taken including charitable contributions and employee expenses. Mr. Brandenburg accompanied Mr. Sorenson to at least two meetings with IRS Agent Paul Lounsbury, the auditor.

Before the first meeting, Mr. Brandenburg told Agent Lounsbury he knew the reason for the audit and stated he "wished" he had the "courage" to report Mr. Sorenson to the IRS. He also

showed Agent Lounsbury a number of Block's internal memoranda concerning Mr. Sorensons's 1993 return, including a memo Mr. Brandenburg had written to Ms. Murphy describing the return as "Fraud in Capital Letters."

At a subsequent meeting, in Mr. Sorenson's presence, Agent Lounsbury asked for a paper copy of the 1993 return. In response, Mr. Brandenburg handed over a file which contained not only the return but also copies of Block's internal memos and a letter to Mr. Sorenson that Mr. Brandenburg had prepared but had not sent. The parties agree that at that time, Mr. Sorenson did not know those documents were in the file or even existed. Whether Mr. Brandenburg knew the Block papers were in the file when he gave it to Agent Lounsbury is unresolved.

In late 1996, Mr. Sorenson hired an attorney to represent him in the audit process which, by that time, had grown to include tax years 1992 through 1995. About a year later, the attorney was informed the case had been turned over to the IRS Criminal Investigation Division. The underlying circumstances behind the investigation were the deductions Mr. Sorenson had claimed on his returns and other subsequent actions for which he was responsible.

Mr. Sorenson had applied for a bank loan in connection with his business. In support of that loan application, he obtained "amended returns" for 1994 and 1995 which indicated an income for that business substantially more than the income

disclosed in the returns he actually filed for those years. Although the "amended returns" were used in connection with the loan application, they were never filed with the IRS.

After six months, IRS closed the criminal investigation and returned the Sorenson file for a continuation of the civil audit. By then, however, the statute of limitations for recovery of back taxes for 1992 through 1994 had expired, leaving for possible recovery by the IRS only the penalties for civil fraud for those years.

Mr. Sorenson ultimately settled with the IRS. In exchange for an agreement by the Service not to pursue civil fraud penalties for any year, Mr. Sorenson waived the statute of limitations on ordinary assessments for 1994. He also agreed to pay $46,439 in back taxes (deemed negligently unpaid) for 1994 and 1995, plus interest and non-fraud penalties.

On the basis of these essential facts, the Sorensons contend the district court erred on many issues. We review a grant of summary judgment de novo, Douglas v. York County, 360 F.3d 286, 290 (1st Cir. 2004), and, because cross motions for summary judgment were filed, we have considered each motion separately and drawn inferences against each movant in turn. See Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997). Employing these standards, we conclude none of the Sorensons' arguments is persuasive.

I.  Fiduciary Responsibility of a Tax Preparer.

The Sorensons first assert that as a tax preparer, Block had a fiduciary responsibility to them which Block breached in several ways.  Although the Sorensons' counsel admits he has found "no case in Massachusetts which holds that tax preparers owe a fiduciary duty to their clients,"[4] he nonetheless argues such a fiduciary duty arises when trust is reposed in one who has "a great disparity of knowledge or expertise in a commercial setting."  He buttresses that theory by relying principally upon Green v. H & R Block, Inc., 735 A.2d 1039 (Md. 1999) and Basile v. H & R Block, Inc., 761 A.2d 1115 (Pa. 2000), to craft an argument that there is an agency relationship between a taxpayer and a tax preparer.  Counsel then segues into a contention that the agency relationship gives rise to a fiduciary responsibility owed to the taxpayer by the preparer.  As the district court correctly recognized, however, the rationale is inapposite because it is dependent upon a theory of agency recognized in Maryland and Pennsylvania but not in Massachusetts.

As the district court noted, Massachusetts courts have accepted the Restatement's view that the essential ingredients of an agency relationship are: 1) the agent's power to alter the legal relationships between the principal and third parties; 2) a fiduciary relationship toward the principal regarding matters within the scope

_____

[4]The district court was less equivocal.  It said there is none, and it was not going to break new ground.

-8-

of the agency; and 3) the principal's right to control the agent's conduct in matters within the scope of the agency. See Thornton v. Harvard Univ., 2 F. Supp. 2d. 89, 95 (D. Mass. 1998); Sabel v. Mead Johnson & Co., 737 F. Supp. 135, 138 (D. Mass. 1990) (citing the Restatement (Second) of Agency §§ 12 -14 (1958)); United States v. Ferber, 266 F. Supp. 90, 100 (D. Mass. 1997).

The district court concluded two of the three requirements of an agency relationship between Mr. Sorenson and Block were unproved. Block did not have the power to *alter* Mr. Sorensons' legal relationships with others, nor did Mr. Sorenson have the capacity to *control Block's conduct* in the preparation of tax returns. These conclusions have patent support in the record.

Having failed to prove the essential elements of an agency relationship, the Sorensons' basic premise fails, and with it, the contention that Block breached fiduciary duties. With that conclusion, we do not consider allied arguments they assert.

II.  Compelling Disclosure of IRS Source.

The Sorensons next argue the district court erred by denying their motion to compel the IRS to disclose the name of the person who provided the Service with information about Mr. Sorenson's tax returns. They contend the denial of this information "unfairly prejudiced" them, postulating the disclosure would have permitted them to show the court Block "received a benefit from turning in Sorenson." With this evidence, they could have proved "additional

-9-

damages flowing from this wrongdoing." Moreover, the information could have "bolster[ed] their claims for breach of contract and unfair and deceptive business practices at trial."

This discovery dispute is governed by a stringent standard of review. We will intervene in discovery matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party. Faigin v. Kelly, 184 F.3d 67, 84 (1st Cir. 1999); Mack v. Great Atlantic & Pacific Tea Co. Inc., 871 F.2d 179, 186 (1st Cir. 1989). The Sorensons have failed to clear this high hurdle.

The District Director instructed IRS employees being deposed in this case that they could testify about any conversations with Block employees pertinent to Mr. Sorenson's taxes, but they were not to disclose any information or records that would reveal a confidential source. Faced with the issue of whether the identity of the informant was discoverable, the magistrate judge, in an order later adopted by the district judge, ruled it was not. The court reasoned the issue was governed by the Administrative Procedure Act, 5 U.S.C. § 702, because the government is not a party to this action.

The APA proscribes overruling any agency action that is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Viewing the statutory prohibition of disclosing "return information" under 26

U.S.C. § 6103, and the broad inclusory language of that statute, <u>see</u> <u>Chamberlain</u> v. <u>Kurtz</u>, 589 F.2d 827, 837 (5th Cir. 1979), the court concluded the refusal to reveal the identity of the informant did not rise to the level required for an order compelling disclosure. That holding is not plainly wrong.

III. <u>Damages</u>.

The district court concluded Block had a contractual obligation to keep confidential the contents of Mr. Sorenson's returns, and this obligation was breached for tax year 1993. As damages, the court awarded the cost of the preparation of those returns. The Sorensons now argue they are entitled to foreseeable and consequential damages for the penalties and interest Mr. Sorenson had to pay, contending under the common law they must be placed in the same position they would have occupied had the contract not been breached.

The district court held there is "no basis under <u>any</u> theory of recovery to shift responsibility for the amount of Sorenson's unpaid back taxes. These are Sorenson's responsibility, however they came to be discovered. And, absent some contractual obligation, I decline to permit recovery of interest and penalties as well." (emphasis in original). We see no error in this holding. Moreover, Sorensons' proof was inadequate to show causation between Block's actions and those claimed damages.

The Sorensons also argue the district court erred by

granting summary judgment to Block on the Sorensons' claim of damages for unauthorized disclosure of information prior to the filing of the 1993 return. They argue the evidence "strongly supports the inference that a Block employee turned in Sorenson." They do not state what other damages resulted from this alleged breach but contend only they should have been able to go to trial on the inference. The district court held there was no evidence to support the claim of breach and refused to award preparation fees for 1991, 1992, 1994, and 1995. Again, this holding is supported by the record.

The Sorensons also maintain the district court erred by denying them emotional distress damages, contending there are unresolved material issues of fact applicable to that claim. They argue additional damages should have been awarded for breach of contract and infliction of emotional distress.

The court denied those damages, finding no evidence to support them. Although broadly arguing principles in which emotional damages could apply to either claim, short of conclusory factual inferences not warranted by the record, the Sorensons fail to show specific facts that demonstrate the error of the district court's judgment.

For example, although the district court found no evidence either plaintiff suffered the "severe distress" essential to their claims, they have shown us no reason why that finding is faulty.

Indeed, the court observed the very essence of their claim was undercut by virtue of Mr. Sorenson's "continu[ing] to work as a commercial airline pilot throughout the relevant period, and without any reports (by him or by the physicians who examined him every six months) of distress." We are not persuaded the district court erred by granting Block summary judgment on this claim.

IV.   Denial of Motion for Reconsideration.

The Sorensons contend the district court should have granted their motion for reconsideration for several reasons. Once again, our standard of review of this issue is limited. "[O]nce a motion . . . for summary judgment has been granted, the district court has substantial discretion in deciding whether to reopen the proceedings in order to allow the unsuccessful party to introduce new material or argue a new theory." Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997)(quoting Mackin v. City of Boston, 969 F.2d 1273, 1279 (1st Cir. 1992)). "Consequently, we will overturn the trial court's decision on such a matter only if an appellant can persuade us that the refusal to grant favorable consideration was a clear abuse of discretion." Id. The Sorensons fail to make that showing.

The Sorensons argue the district court erred in not reconsidering their claim that Block's conduct constituted unfair and deceptive business practices as that term is defined in Mass. Gen. Laws ch 93A, § 2. They assert a breach of contract coupled with

-13-

conduct that is "immoral, unethical, oppressive, or unscrupulous" meets that definition. The district court held "[t]here is nothing immoral, unethical, oppressive or unscrupulous in making a disclosure of suspected fraud to the IRS, even if it was a breach of Block's contractual obligation of confidentiality." Because we are in full agreement with that holding, we cannot say the district court's ruling on this issue was a clear abuse of discretion.

V. Other Issues.

The Sorensons contend the conduct of H & R Block and Brandenburg was "outrageous in character and extreme in degree" and "beyond all possible bounds of decency." They add, "Block, Brandenburg, and other employees, went to great lengths to cause Sorensons severe emotional distress, all in their effort to punish Sorenson and to protect Brandenburg and Block from tax preparer penalties." Specific factual evidence justifying this hyperbole is not cited. In a similar vein, the Sorensons assert Mr. Sorenson had to undergo a DOR audit, IRS civil and criminal audits, and "such betrayal exceeds all possible bounds of decency and is absolutely atrocious." We find no facts in the record that justify these characterizations either. Moreover, the arguments conveniently overlook the fact that the tax deductions that were at the bottom of the Sorensons' difficulty were taken only because of Mr. Sorenson's insistence and contrary to the advice given to him by Block. We are

not inclined to reverse the district court on the basis of these arguments.

After entry of the order granting summary judgment on the major issues, the district court directed the parties to work towards framing those remaining for final judgment so the court and parties could avoid "further investment of extensive resources at the trial court level." In response, Block moved for summary judgment in the maximum amount of damages previously found by the court. In contrast, the Sorensons moved for reconsideration as previously noted. Not only did the court find no new issues in the motion, but also it denied the Sorensons' attempt to present new evidence. The court held the "expert opinion" plaintiffs offered to support reconsideration comprised evidence that would be inadmissible and would not affect the results already reached by the court.

Now the Sorensons claim this procedure caused them "unfair prejudice" because it came about before they could exercise their "absolute right to a jury trial." This argument is without substance. As we have already noted, the denial of reconsideration was proper. Moreover, the parties' "right to trial" had already been precluded by the grant of summary judgment.

The judgment of the district court is <u>affirmed</u>.