Belknap
No. 2009-431

ALAN F. BEANE

v.

DANA S. BEANE & CO., P.C. & a.

Argued: March 31, 2010
Opinion Issued: September 22, 2010

*William S. Gannon, PLLC*, of Manchester (*William S. Gannon* on the brief and orally), for the plaintiff.

*Nelson, Kinder, Mosseau & Saturley, P.C.*, of Manchester (*E. Tupper Kinder & a.* on the brief, and *Kenneth E. Rubinstein* orally), for the defendants.

CONBOY, J. The plaintiff, Alan F. Beane, appeals the decision of the Superior Court (*McGuire*, J.) dismissing his lawsuit alleging accounting malpractice as barred by the statute of limitations. We affirm.

Accepting the facts as alleged in the plaintiff's writ, the trial court found as follows. The defendants, D. Scott Beane (Scott Beane), the plaintiff's brother, and Dana S. Beane & Co., P.C. (Beane Co.), the company created by Alan and Scott Beane's father and currently run by Scott Beane, prepared and filed all of the plaintiff's federal tax returns for the years 1985 through 2002. Between 2001 and 2004, the Internal Revenue Service (IRS) conducted an audit of the plaintiff's tax returns for years 1998 and 1999. Due to medical issues, as well as his confidence in the defendants, the plaintiff did not participate in the IRS examination. Following the examination, the IRS increased the plaintiff's tax liability in late 2002 and again when it issued its Final Income Tax Examination Changes report on December 21, 2004. The defendants represented the plaintiff in an administrative appeal of the IRS's action. The administrative appeal failed, and the IRS issued notice of a $3,080,430 deficiency. Although the deficiency notice itself is dated January 5, 2005, the trial court accepted the plaintiff's representation that the actual date of the notice was April 5, 2005.

The plaintiff then retained two law firms: Palmer & Dodge, to obtain advice regarding the tax deficiency; and Proskauer Rose, to challenge the deficiency finding in the United States Tax Court. At some point after October 19, 2006, the defendants terminated their relationship with the plaintiff and refused to cooperate with him or his tax counsel. During the plaintiff's tax court trial on September 21, 2008, the IRS examiner testified as to the nature of her examination of the plaintiff's 1998 and 1999 tax liability. The tax court's decision was pending when the plaintiff filed this action against the defendants on December 22, 2008. The plaintiff asserts claims for breach of fiduciary duty, professional errors and omissions, and violation of the New Hampshire Unfair Trade Practices Act. On May 19, 2009, the trial court granted the defendants' motion to dismiss based on the statute of limitations. The court ruled that the plaintiff's December 2008

writ was time-barred because he knew or should have known of his cause of action against the defendants no later than April 5, 2005, the date of the IRS notice of deficiency.

The plaintiff asserts that the trial court's decision should be reversed because the court: (1) failed to conduct an evidentiary hearing; (2) failed to balance the equities as required by *Shillady v. Elliot Community Hospital*, 114 N.H. 321 (1974); (3) erred in concluding that the limitations period began to run no later than the date of the IRS deficiency notice; (4) erred in refusing to extend the limitations period based upon the defendants' failure to disclose their alleged breach of fiduciary duties to the plaintiff; (5) erred in refusing to extend the limitations period based upon the continuing representation doctrine; and (6) erred in ruling that the statute of limitations also barred the plaintiff's alleged "offset recoupment" against the defendants' claims in the plaintiff's bankruptcy case in Florida.

In reviewing an order granting a motion to dismiss, "we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff." *Perez v. Pike Inds.*, 153 N.H. 158, 159. "[W]e will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief." *Id.* at 159-60.

As to the plaintiff's first claim of error, we note that a trial court's evaluation of a motion to dismiss does not necessarily require an evidentiary hearing. "The standard of review in considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery." *Perez*, 153 N.H. at 159 (quotation and brackets omitted). This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. *Williams v. O'Brien*, 140 N.H. 595, 597-98 (1995). Dismissal is appropriate "[i]f the facts pled do not constitute a basis for legal relief." *Hobin v. Coldwell Banker Residential Affiliates*, 144 N.H. 626, 628 (2000) (quotation omitted). The trial court may also consider documents attached to the plaintiff's pleadings, *see Chasan v. Village District of Eastman*, 128 N.H. 807, 813 (1986), or "documents the authenticity of which are not disputed by the parties . . . official public records . . . or . . . documents sufficiently referred to in the complaint," *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). The trial court "need not accept allegations in the writ that are merely conclusions of law." *Konefal v. Hollis/Brookline Coop. School Dist.*, 143 N.H. 256, 258 (1998) (quotation omitted). Here, the trial court held a hearing on the motion to dismiss, accepted the truth of the plaintiff's allegations, and ruled based upon the

plaintiff's pleadings. Because the issues before the trial court were limited to legal analysis of the facts asserted by the plaintiff, an evidentiary hearing was not required.

The plaintiff's remaining five arguments center on the application of the statute of limitations and its tolling provisions. "Statutes of limitation . . . place a limit on the time in which a plaintiff may bring suit after a cause of action accrues." *Big League Entm't v. Brox Indus.*, 149 N.H. 480, 483 (2003) (citation omitted). Although a cause of action arises as soon as all of the necessary elements are present, *Conrad v. Hazen*, 140 N.H. 249, 252 (1995), it does not accrue "until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both the fact of an injury and the cause thereof." *Id.* at 251 (quotation and brackets omitted).

The plaintiff argues that the trial court erred in concluding that the limitations period began to run no later than the date of the IRS notice of deficiency. He claims that he did not discover the defendants' negligence until September 23, 2008, when he heard the IRS examiner testify at the tax court trial. He contends that the trial court erred in failing to apply *Shillady*, which states that "the discovery rule and the fraudulent concealment doctrine require that the interests of the opposing parties be identified, evaluated and weighed in arriving at a proper application of the statute [of limitations]." *Shillady*, 114 N.H. at 325. *Shillady* is inapplicable, however, because in that case we interpreted a prior version of RSA 508:4 (Supp. 1973), which did not expressly set forth a discovery rule standard. Here, the trial court properly applied the current version of RSA 508:4, which provides in pertinent part:

> Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

RSA 508:4, I (2010).

"[T]he statute of limitations constitutes an affirmative defense, and . . . the defendant bears the burden of proving that it applies in a given case." *Glines v. Bruk*, 140 N.H. 180, 181 (1995) (citations omitted). "That burden, however, is met by a showing that the action was not 'brought within 3 years of the act or omission complained of.' " *Id.* (quoting RSA

508:4, I (Supp. 1994)) (ellipses omitted). "Once the defendant has established that the statute of limitations would bar the action, the plaintiff has the burden of raising and proving that the discovery rule is applicable to an action otherwise barred by the statute of limitations." *Id.* The statutory discovery rule "is designed to provide relief in situations where the plaintiff is unaware of either his injury or that the injury was caused by a wrongful act or omission." *Id.* at 182.

The discovery rule "is a two-pronged rule requiring both prongs to be satisfied before the statute of limitations begins to run." *Big League Entm't*, 149 N.H. at 485. "First, a plaintiff must know or reasonably should have known that it has been injured; and second, a plaintiff must know or reasonably should have known that its injury was proximately caused by conduct of the defendant." *Id.* "Thus, the discovery rule exception does not apply unless the plaintiff did not discover, and could not reasonably have discovered, either the alleged injury or its causal connection to the alleged negligent act." *Perez*, 153 N.H. at 160.

Although the discovery rule tolls the limitations period until a plaintiff discovers, or should reasonably have discovered, the causal connection between the harm and the defendant's negligent or wrongful act, this rule "is not intended to toll the statute of limitations until the full extent of the plaintiff's injury has manifested itself." *Furbush v. McKittrick*, 149 N.H. 426, 431 (2003). "Rather, that the plaintiff could reasonably discern that he suffered some harm caused by the defendant's conduct is sufficient to render the discovery rule inapplicable." *Id.* Further, a plaintiff need not be certain of this causal connection; the possibility that it existed will suffice to obviate the protections of the discovery rule. *Pichowicz v. Watson Ins. Agency*, 146 N.H. 166, 168 (2001).

Given this legal framework, we conclude that the trial court did not err when it found that the plaintiff's claim arose no later than April 5, 2005, the date of the IRS notice of deficiency. The record supports the trial court's finding that the plaintiff

> knew "or in the exercise of reasonable diligence should have discovered" the causal relationship between the defendants' negligence and the harm caused him in late 2002 when the IRS increased his tax liability for 1998 and 1999, or when the IRS issued its final report on December 21, 2004 or, at the latest, when he lost his administrative appeal on April 5, 2005.

*Accord Federated Industries, Inc. v. Reisin*, 927 N.E.2d 1253, 1264-65 (Ill. App. Ct. 2010) (adopting majority rule that "the statute of limitations in an accountant malpractice case involving increased tax liability begins to run

when the taxpayer receives the statutory notice of deficiency . . . , or at the time when the taxpayer agrees with the IRS's proposed deficiency assessments"); *Wall v. Lewis*, 366 N.W.2d 471, 473 (N.D. 1985) (actual damage has been incurred when the IRS imposes a tax assessment, thereby creating an enforceable obligation against the client); *Chisholm v. Scott*, 526 P.2d 1300, 1302 (N.M. 1974) (accountant malpractice suit arose when the plaintiffs received the IRS's notice of deficiency); *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex. 1967) (statute of limitations in accountant malpractice action began to run when the IRS assessed the tax deficiency); *cf. Isaacson, Stolper & Co. v. Artisan's Savings Bank*, 330 A.2d 130, 133-34 (Del. 1974) (holding that the statute of limitations began to run when the plaintiff first received notice of an alleged deficiency from the IRS, not when he received a final determination of tax liability).

■ For similar reasons, the plaintiff's argument regarding the fraudulent concealment rule also fails. The plaintiff contends that he could not discover the defendants' negligence because they fraudulently concealed their accounting errors. "[T]he fraudulent concealment rule states that when facts essential to the cause of action are fraudulently concealed, the statute of limitations is tolled until the plaintiff has discovered such facts or could have done so in the exercise of reasonable diligence." *Bricker v. Putnam*, 128 N.H. 162, 165 (1986). Here, the rule is inapplicable because, as the trial court found, the plaintiff knew, or "in the exercise of reasonable diligence should have discovered the causal relationship between the defendants' negligence and the harm caused" by April 5, 2005, at the latest.

■ The plaintiff's argument regarding fiduciary tolling is also unavailing. The plaintiff contends that the defendants were fiduciaries who breached their duty to disclose their errors. The plaintiff alleges that the defendants withheld from him their accounting errors in 1998 and 1999, failed to inform him of the nature of the IRS examination, and refused to cooperate with him or his counsel during the tax court proceedings. He argues that the defendants' failure to disclose these alleged breaches of duty tolls the limitation period. Assuming, without deciding, that the defendants acted in a fiduciary capacity, *but see Sorenson v. H & R Block, Inc.*, 107 Fed. Appx. 227, 230-31 (1st Cir. 2004) (holding that under Massachusetts law, agency or fiduciary relationship did not exist between tax preparer and its client); *Block v. Razorfish, Inc.*, 121 F. Supp. 2d 401, 403 (S.D.N.Y. 2000) (New York courts "do not generally regard the accountant-client relationship as a fiduciary one" (quotation omitted)), there is no support in our case law for the proposition that a limitations period is tolled in fiduciary cases until the fiduciary discloses his or her misconduct. *See Furbush*, 149 N.H. at 430-31 (holding that although the defendant-attorney did not disclose to the

plaintiff his failure to file a claim in a timely manner, the limitations period on the legal malpractice claim began to run when the plaintiff "could reasonably discern that he suffered some harm caused by the defendant's conduct"). Moreover, despite the defendants' failure to disclose their alleged errors, the record shows that by April 5, 2005, at the latest, the plaintiff was on notice of the causal connection between his harm and the defendants' conduct.

We are also not persuaded by the plaintiff's contention that the trial court erred in refusing to extend the limitations period based upon the continuing representation rule, which we have yet to adopt. Under this rule, which other jurisdictions have established in the context of legal malpractice actions, "a client's cause of action against his attorney does not accrue until the attorney ceases representing the client." *Coyle v. Battles*, 147 N.H. 98, 101 (2001). "The rule recognizes that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered." *Id.* (quotations omitted). In *Coyle*, we declined to adopt the rule because the facts in that case did not raise "the innocent reliance which the continuing representation doctrine seeks to protect." *Id.* (quotation and brackets omitted). Similarly, the facts here do not warrant the adoption of the rule. The plaintiff engaged two law firms after the deficiency notice to evaluate the deficiency and initiate the tax court proceeding. Thus, "innocent reliance" on the defendants' professional services was no longer reasonably warranted.

The plaintiff's final argument is that the trial court erred in ruling that the statute of limitations precluded the assertion of his claims as an "offset recoupment" against Beane Co.'s claim in his bankruptcy case in Florida. In its dismissal order, however, the trial court did not address this argument. The plaintiff asserts that because his claims in this case arise out of the tax services which are the subject of Beane Co.'s claim in his bankruptcy case, he has a right of recoupment, and, therefore, even if the limitations period has expired, his claims remain "viable."

> Recoupment . . . refers to the defendant's right, *in the same action*, to reduce or eliminate the plaintiff's claim, either because the plaintiff has not complied with some cross-obligation of the contract on which he or she sues or because the plaintiff has violated some legal duty in the making or performance of that contract.

20 AM. JUR. 2D *Counterclaim, Recoupment, Etc.* § 5 (2005) (emphasis added). Accordingly, any claim for recoupment was not properly before the trial court, and we express no opinion with respect to that issue.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.