**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0611, <u>Susan Chase Gage, Executrix of the Estate of Margaret C. Gage v. State of New Hampshire</u>, the court on June 9, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Susan Chase Gage, executrix of the estate of Margaret C. Gage, appeals an order of the Superior Court (<u>Delker</u>, J.), following our remand in Case No. 2013-0362, dismissing the estate's petition against the State of New Hampshire as time-barred. <u>See</u> RSA 508:4 (2010). After holding an evidentiary hearing on the discovery rule, the trial court found that Margaret Gage "had gathered sufficient information to make a good faith claim for a remedy in court" by February 2009, more than three years before she first sought judicial relief. On appeal, the petitioner invites us to "conduct an independent review" of the evidence submitted at the evidentiary hearing, and to find that Margaret Gage could not have made a good faith claim until after her son had discovered certain information in 2011 and 2012.

At the outset, we reject the petitioner's invitation to engage in <u>de novo</u> review of the trial court's decision. As we ruled in Case No. 2013-0362, "Whether the petitioner has exercised reasonable diligence to discover her injury and its causal relationship to the respondent's acts or omissions constitutes a question of fact for the trial court to resolve. <u>See</u> <u>Kelleher v. Marvin Lumber & Cedar Co.</u>, 152 N.H. 813, 825 (2005)." <u>See</u> <u>also</u> <u>Brown v. Mary Hitchcock Memorial Hosp.</u>, 117 N.H. 739, 742 (1977) (although the correct formulation of the discovery rule poses a question of law, the application of it presents a question of fact). We ordinarily uphold a trial court's findings and rulings unless they lack evidentiary support or are legally erroneous. <u>See</u>, e.g., <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). Under this standard, the question is not whether we would have ruled differently than the trial court did, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id.</u>

We see no reason to depart from this well-established standard of review in this case. We have reviewed the record and the trial court's well-reasoned order, and find more than ample support for the trial court's determination that by February 2009, Margaret Gage reasonably should have discovered both

the fact that she had been injured and the cause of her injury.  See Beane v. Dana S. Beane & Co., 160 N.H. 708, 712 (2010).  We conclude that the trial court's decision was neither unsupported by the evidence nor erroneous as a matter of law.  Cook, 149 N.H. at 780.

Affirmed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
