# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0698, <u>Gregory Gould & a. v. Northern Human Services & a.</u>, the court on August 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Gregory Gould and Gia Gould, appeal an order of the Superior Court (<u>Temple</u>, J.) dismissing their complaint against the defendants, Northern Human Services, Inc. (Northern), Tri-County CAP, Inc. (Tri-County), Michelle Scherer, and Sherri Hawes, for failure to state a claim upon which relief may be granted. They argue that the trial court erred by ruling that: (1) the discovery rule does not apply to defamation claims under RSA 508:4 (2010); (2) they did not adequately plead defamation claims that were not time-barred; and (3) they did not state a claim for intentional interference with contractual relations.

In reviewing an order granting a motion to dismiss, we assume the well-pleaded factual allegations in the plaintiffs' pleadings to be true, and construe all reasonable inferences from those facts in the light most favorable to the plaintiffs. <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). We also consider facts established by documents attached to the pleadings, documents the authenticity of which the parties do not dispute, official public records, or documents referred to in the complaint. See <u>id</u>. We do not, however, credit allegations that are not well-pleaded, "including the statement of conclusions of fact and principles of law." <u>Snierson v. Scruton</u>, 145 N.H. 73, 76 (2000) (quotation omitted). Dismissal is appropriate if the well-pleaded facts do not constitute a basis for legal relief. <u>Beane</u>, 160 N.H. at 711.

The defendants bear the initial burden to establish that the action was not brought within the applicable statute of limitations. See <u>id</u>. at 712. Once the defendants have satisfied this burden, however, the plaintiffs bear the burden to establish that the discovery rule applies. <u>Id</u>. at 713. Thus, although application of the discovery rule presents a question of fact, see <u>Black Bear Lodge v. Trillium Corp.</u>, 136 N.H. 635, 638 (1993), the trial court may properly decide the issue on a motion to dismiss if the plaintiffs fail to plead facts supporting application of the discovery rule to their case, see <u>Beane</u>, 160 N.H. at 711-12 (rejecting argument that evidentiary hearing was required to resolve motion to dismiss raising discovery rule issue); <u>Dobe v. Comm'r, N.H. Dep't of</u>

Health & Human Services, 147 N.H. 458, 461 (2002) (in affirming dismissal of negligence claim, rejecting discovery rule argument because the plaintiff failed to allege any facts supporting it).

In this case, the plaintiffs filed a twenty-nine page complaint containing 144 paragraphs. In it, they pleaded a count sounding in defamation against all defendants based upon unspecified statements described within the complaint's general statement of facts. Some of the statements were allegedly made more than three years before the complaint was filed, and some of the statements were allegedly made by individuals who were not named defendants, including individuals who were employed by named defendants.

The trial court ruled that, to the extent the defamation claims were based upon statements made more than three years before the complaint was filed, they were barred by RSA 508:4, II, and excepted from the discovery rule by RSA 508:4, I. To the extent the claims were based upon statements made within three years of the complaint, the trial court ruled that the plaintiffs had failed to allege facts establishing that a named defendant had "failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff[s] to a third party." Indep. Mechanical Contractors v. Gordon T. Burke & Sons, 138 N.H. 110, 118 (1993). On appeal, the plaintiffs argue that, because RSA 508:4, II requires a defamation claim to be brought within three years of when it "accrued," and because the term "accrued" incorporates the discovery rule, the trial court erred by determining that the discovery rule does not apply to defamation claims. They further argue that the trial court erred by ruling that they did not adequately allege defamation claims occurring within three years of the complaint.

The plaintiffs also pleaded a count sounding in tortious interference with contractual relations against Scherer and Hawes, who were employees of Northern, and against Tri-County. They alleged that, between 2003 and June 2012, they provided residential services to an individual pursuant to a contract with Northern that was renewed on an annual basis. In 2012, Northern decided not to renew the contract. The plaintiffs alleged that Northern decided not to renew the contract because the New Hampshire Bureau of Developmental Services had determined that an administrative complaint filed against them on behalf of the individual for whom they provided residential services was a founded complaint, and because they had lost their license to provide such services as a result. Although the plaintiffs contend that the administrative complaint was false, they do not assert that they challenged the administrative determination that it was a founded complaint. The plaintiffs based the tortious interference with contractual relations claim upon alleged "conspiracies" between Scherer, Hawes, and Tri-County to induce Northern to breach its contract and to cause them to lose their license.

2

The trial court ruled that, under <u>Tessier v. Rockefeller</u>, 162 N.H. 324, 337 (2011), because Northern did not, in fact, breach the contract, but merely decided not to renew it, there could be no liability for tortious interference with contractual relations. On appeal, the plaintiffs argue that, because a claim for intentional interference with prospective contractual relations is cognizable under New Hampshire law, the trial court erred by dismissing the tortious interference with contractual relations claim on the basis that Northern did not breach an existing contract.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order granting the motions to dismiss, the plaintiffs' challenges to that order, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
