# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0412, <u>John D. Tucker, Jr. v. Jean A. Tucker & a.</u>, the court on January 13, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, John D. Tucker, Jr., appeals an order of the Superior Court (<u>Temple</u>, J.) granting summary judgment in favor of the defendants, Jean A. Tucker and David Labrecque. He challenges the trial court's findings that: (1) RSA 508:5 (2010), which establishes a 20-year statute of limitations for "[a]ctions of debt upon judgments," governs his 2015 action to recover on a stipulation incorporated into his parents' 1972 divorce decree, <u>see</u> <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 464 (2009) (holding that final divorce decree is judgment subject to post-judgment interest); (2) even if his action were governed by RSA 508:4 (2010), which establishes a three-year statute of limitations for personal actions, the plaintiff failed to carry his burden to demonstrate that the limitations period should be tolled, <u>see</u> <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 713 (2010) (stating plaintiff has burden of establishing that discovery rule applies), because his affidavit did not include facts that explained or justified his failure to learn of his interest in the divorce decree until 2014, <u>see</u> <u>J.G.M.C.J. Corp. v. C.L.A.S.S., Inc.</u>, 155 N.H. 452, 458 (2007) (stating mere denials or vague and general allegations of expected proof are not sufficient to opposed motion for summary judgment); and (3) his action was time-barred, although he was a minor at the time of the divorce, was not a party to the divorce, and had never owned the property in contention.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**