# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0356, <u>Mohammed Abdallah Omran v. Andrew Schulman</u>, the court on March 24, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

This is the third civil lawsuit that the plaintiff, Mohammed Abdallah Omran, has filed against the defendant, Andrew Schulman, alleging that Schulman violated professional obligations to him when Schulman represented him on federal criminal charges that were ultimately dismissed. The criminal charges were brought following Omran's detention by the United States Immigration and Customs Enforcement agency (ICE), and Omran remained in ICE custody following the dismissal of the criminal charges. Omran's prior two civil actions against Schulman were dismissed in federal court for failure to state a claim upon which relief may be granted. Omran now appeals an order of the Superior Court (<u>Nicolosi</u>, J.) dismissing the present complaint.

In reviewing an order granting a motion to dismiss, we assume the truth of the facts alleged in the complaint and construe all reasonable inferences from those facts in the light most favorable to the plaintiff. <u>See</u> <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). We also consider documents that are attached to the pleadings, documents that are referred to in the pleadings, documents that are official public records, or documents that are indisputably authentic. <u>See</u> <u>id</u>. We do not, however, credit allegations that are mere conclusions of law. <u>See</u> <u>id</u>.

The allegations in the complaint and public records related to such allegations establish the following facts. The United States District Court for the District of New Hampshire appointed Schulman to represent Omran on federal criminal charges after it had discharged his prior counsel. Schulman subsequently moved to dismiss the charges on the basis that the underlying criminal statute was unconstitutional. According to Omran's allegations, which we assume to be true, <u>see</u> <u>id</u>., he had previously instructed Schulman not to seek dismissal of the charges. Schulman also declined Omran's request that he move to suppress evidence that the government had seized and to request a hearing on whether the search warrant application contained material misrepresentations, believing that he lacked a good faith basis to file the motion. Omran's prior counsel had declined to file a similar motion.

While the motion to dismiss was still pending, Schulman moved to withdraw. Subsequently, and before an objection to the motion to dismiss was due, the government filed its own motion to dismiss the criminal charges without prejudice. Ultimately, the federal district court granted the government's motion over Omran's objection, granted Schulman's motion to withdraw, and did not act upon the motion to dismiss that Schulman filed. Omran appealed the dismissal, and approximately nine months after the district court had granted Schulman's motion to withdraw, the United States Court of Appeals for the First Circuit dismissed the appeal.

Omran filed a civil action in the United States District Court for the District of New Hampshire against a number of defendants, including Schulman, alleging various claims arising out of the criminal case (first federal lawsuit). He alleged that Schulman deprived him of federal constitutional rights and violated New Hampshire law by not filing the motion to suppress in the prior criminal case, and by filing, without authority, the motion to dismiss. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (2012), the federal district court dismissed the first federal lawsuit on the basis that it failed to state a claim upon which relief may be granted. The United States Court of Appeals for the First Circuit affirmed.

Thereafter, Omran filed a second civil action arising out of the prior criminal case against Schulman and several other defendants in superior court; that case was subsequently removed to the United States District Court for the District of New Hampshire (second federal lawsuit). As he had done in the first federal lawsuit, Omran alleged that Schulman refused to file the motion to suppress and filed an unauthorized motion to dismiss. Such conduct, according to Omran, deprived him of his federal right to effective assistance of counsel, "contributed to the loss and damage of [his] property," and constituted "legal malpractice, negligence, abuse of process, and discrimination" under New Hampshire law. The federal district court granted Schulman's motion to dismiss on the basis that the complaint failed to state a claim upon which relief may be granted against him.

After the federal district court had dismissed the claims against Schulman in the second federal lawsuit, but while that case was still pending against other defendants, Omran filed the present case against Schulman in superior court. He alleged that Schulman "misrepresented [him] and violated the New Hampshire State legal malpractice law" by filing the motion to dismiss the criminal charges, that he "lost his property that was never returned to him," and that he "suffered severe emotional and psychological distress" as a result of Schulman's conduct. Schulman moved to dismiss, arguing that: (1) dismissal was proper pursuant to the "pending-prior-action doctrine," cf. Pacific & Atlantic Shippers v. Schier, 106 N.H. 69, 70 (1964), because the second federal lawsuit involved the same parties and same cause of action, and was then pending before a court of competent jurisdiction; (2) the dismissal of

the first federal lawsuit constituted a final judgment on the merits for purposes of res judicata; and (3) the complaint failed to state a claim upon which relief may be granted. Noting that Omran had filed no objection, and that "[t]o allow suit in this court because a litigant is unhappy with the results from another court [would be] unfair," the trial court granted the motion "given the pendency of an identical action in federal court where complete relief is available."

Subsequently, Schulman submitted correspondence notifying the trial court that: (1) after he had filed the motion to dismiss and had mailed it to Omran at Omran's last known address, he had learned from a filing in the second federal lawsuit that Omran's address had changed; and (2) after the trial court had granted the motion to dismiss, he had received the envelope, which contained the copy of the motion that he had mailed to Omran, bearing a "Return to Sender" stamp dated more than a month after he had originally mailed it. Omran filed an untimely motion for reconsideration, which the trial court did not rule upon. Omran then filed the present appeal, with a motion for late entry of it. We granted the motion for late entry of the appeal.

On appeal, Omran argues that: (1) the ruling on the motion to dismiss deprived him of due process because he did not receive a copy of the motion prior to the ruling; (2) the second federal lawsuit did not divest the trial court of jurisdiction to rule upon his State law claims; and (3) res judicata cannot apply because, he asserts, his State law claims were not litigated in federal court, and because the federal district court allegedly deprived him of an opportunity to respond to Schulman's motion to dismiss the second federal lawsuit. Schulman counters that the trial court acted within its discretion by dismissing the case pursuant to the pending-prior-action doctrine. Alternatively, he argues that, although the trial court did not rule upon his argument that the complaint failed to state a claim upon which relief may be granted, the trial court was compelled to dismiss the case on that basis. See Handley v. Town of Hooksett, 147 N.H. 184, 189-90 (2001) (noting that this court will uphold trial court order if valid alternative grounds support it). Specifically, Schulman argues that, because the underlying criminal charges were dismissed, because he did not do or fail to do anything that caused Omran to be placed in federal custody, and because Omran has the ability to request the return of his seized property under Federal Rule of Criminal Procedure 41(g), the complaint did not establish that Schulman's alleged breaches caused Omran to suffer harm. Nor did the complaint, according to Schulman, establish that he breached a professional standard of care because, he argues, neither the filing of a potentially meritorious dismissal motion nor the refusal to file a suppression motion that he believed lacked a good faith basis amounted to a breach of a duty of care. Finally, although Schulman acknowledges that Omran did not receive the motion to dismiss prior to the trial court's ruling, he argues that Omran was not prejudiced because he has not established that the result of the case would have been different.

3

As the appealing party, Omran has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, Omran's challenges to that order, the relevant law, and the record submitted on appeal, we conclude that the Omran has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
