# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0193, <u>Paul Ranberg v. The Bank of New York Mellon</u>, the court on January 17, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Paul Ranberg, appeals the order of the Superior Court (<u>Wageling</u>, J.) dismissing his complaint to enjoin a foreclosure sale for failing to state a claim upon which relief may be granted.

The standard of review in considering a motion to dismiss for failure to state a claim is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery.  <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010).  This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law.  <u>Id</u>.  The trial court may also consider documents attached to the plaintiff's pleadings, documents the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the complaint.  <u>Id</u>.  The trial court need not accept allegations in the complaint that are merely conclusions of law.  <u>Konefal v. Hollis/Brookline Coop. School Dist.</u>, 143 N.H. 256, 258 (1998).  Dismissal is appropriate if the facts pleaded do not constitute a basis for legal relief.  <u>Beane</u>, 160 N.H. at 711.

The allegations contained in the plaintiff's complaint, considered with the documents attached thereto, assert that on March 6, 2007, the plaintiff gave a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Horizon Home Loan Corporation, which mortgage is now held by the defendant, The Bank of New York Mellon (lender).  The mortgage encumbered real estate located at 43 Clark Road in Londonderry, to secure a promissory note executed by the plaintiff.  By certified letter dated September 29, 2017, the Marinosci Law Group, P.C., representing Nationstar Mortgage LLC (Nationstar), the servicer for the lender, notified the plaintiff that, pursuant to the mortgagee's power of sale, the property was scheduled for a foreclosure sale on November 17, 2017.

On January 10, 2017, approximately eight months prior to the foreclosure proceeding, the plaintiff retained an entity named Prospect Services to represent him in his effort to modify his loan with the lender and to avoid

foreclosure. However, after notifying Nationstar of such representation, Prospect Services took little or no further action, despite the plaintiff having paid it approximately five thousand dollars. The plaintiff alleges that Prospect Services was an agent for Nationstar, and that the lender defrauded him by misrepresenting its relationship with Prospect Services.

"To establish fraud, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it." Snierson v. Scruton, 145 N.H. 73, 77 (2000). "A plaintiff cannot allege fraud in general terms, but must specifically allege the essential details of the fraud and the facts of the defendant['s] fraudulent conduct." Id. Here, the plaintiff has failed to allege any specific facts to support his claim that Prospect Services was an agent for the defendant's servicer, rather than his own agent. The fact that the agent failed to take the steps necessary to represent his interests in modifying his loan and avoiding foreclosure is insufficient to support the plaintiff's claim that the agent was working for the defendant. See Snierson, 145 N.H. at 78.

We reject the plaintiff's remaining arguments. The plaintiff is not entitled to conduct discovery or "to have his day in court" against a particular defendant if he cannot state a claim against that defendant for which relief may be granted. This result does not violate public policy or the plaintiff's constitutional rights. See Appeal of Omega Entm't, 156 N.H. 282, 287 (2007) (passing reference to constitutional claims and off-hand invocations of constitutional rights warrant no extended consideration).

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2