# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0311, <u>James H. Daneau v. Harmon Law Offices, P.C.</u>, the court on March 6, 2019, issued the following order:**

Having considered the briefs, the "brief memorandum of law in reply," and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, James H. Daneau, appeals the order of the Superior Court (<u>Anderson</u>, J.) dismissing his complaint against the defendant, Harmon Law Offices, P.C., alleging fraud on the court and violation of the Consumer Protection Act, RSA ch. 358-A (2009 & Supp. 2018). The trial court ruled that the plaintiff's allegations fail to state a claim upon which relief may be granted.

The standard of review in considering a motion to dismiss for failure to state a claim is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. <u>Id</u>. The trial court may also consider documents attached to the plaintiff's pleadings, documents the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the complaint. <u>Id</u>. The trial court need not accept allegations in the complaint that are merely conclusions of law. <u>Konefal v. Hollis/Brookline Coop. School Dist.</u>, 143 N.H. 256, 258 (1998). Dismissal is appropriate if the facts pleaded do not constitute a basis for legal relief. <u>Beane</u>, 160 N.H. at 711.

The plaintiff argues that he stated a claim of fraud on the court by alleging that the defendant, on behalf of its client, Federal Home Loan Mortgage Corporation (Freddie Mac), commenced a possessory action against him when it knew or should have known that Freddie Mac lacked standing to bring such an action. "To establish fraud, a plaintiff must prove that the defendant made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause another to rely upon it." <u>Snierson v. Scruton</u>, 145 N.H. 73, 77 (2000). "Fraud on the court" is a type of fraud by an officer of the court that seeks to obstruct proper case adjudication. <u>Conant v. O'Meara</u>, 167 N.H. 644, 651 (2015).

Documents sufficiently referred to in the complaint show that on July 29, 2015, CitiMortgage purchased the plaintiff's residence at a foreclosure sale.

On October 14, 2015, CitiMortgage recorded a foreclosure deed in which it granted the property to Freddie Mac. On December 29, 2015, the defendant, on behalf of its client, Freddie Mac, filed a landlord and tenant writ seeking to evict the plaintiff from the property.

RSA 540:12 (2007) provides that "[t]he owner, lessor, or purchaser at a mortgage foreclosure sale" may recover possession of any real estate from a "lessee, occupant, mortgagor, or other person in possession." The plaintiff alleges that when the defendant filed the landlord and tenant writ, it knew or should have known that Freddie Mac was not the owner of the property with a right of possession because CitiMortgage held only a second mortgage on the property and, on the date the defendant filed the landlord and tenant writ, the first mortgage, held by Citizens Bank, remained in full force and effect. However, in New Hampshire, the holder of a second mortgage may foreclose upon its mortgage, subject to the rights of the first mortgagee. See Meredith v. Fisher, 121 N.H. 856, 857 (1981); Fletcher v. Chamberlin, 61 N.H. 438, 446-47 (1881). Therefore, under these facts, Freddie Mac was entitled to recover possession of the real estate. Accordingly, the plaintiff's allegation that the defendant misrepresented Freddie Mac's right to possession fails to state a claim upon which relief may be granted.

The plaintiff argues that the trial court unsustainably exercised its discretion by dismissing his complaint without providing him with an opportunity to amend it to correct its deficiencies. In support of his argument, the plaintiff cites to the final paragraph of his complaint, in which he "reserves the right to amend his complaint to include additional counts, defendants, causes of action pending further discovery, and/or for any other purpose as permitted" under the law. The opportunity to correct deficiencies in a complaint does not include the right to plead a new cause of action. Lamprey v. Britton Constr., 163 N.H. 252, 261 (2012). An amendment may be denied if it would not cure the defect in the complaint. Tessier v. Rockefeller, 162 N.H. 324, 340 (2011). Whether to allow a party to amend his complaint rests in the sound discretion of the trial court, and we will not disturb the trial court's decision absent an unsustainable exercise of discretion. Id.

In this case, the record fails to show that the plaintiff proposed any specific amendment to his complaint, or that if he had moved to amend it, his proposed amendment would not have been futile. See id. Moreover, the plaintiff already raised his "second mortgage" issue in his prior case against CitiMortgage, challenging its right to foreclose. The trial court granted summary judgment in favor of CitiMortgage, and we affirmed. See James Daneau & a. v. CitiMortgage, Inc., No. 2015-0677 (N.H. April 29, 2016). Under these circumstances, we cannot conclude that the trial court unsustainably exercised its discretion in dismissing the plaintiff's claim. See Tessier, 162 N.H. at 340.

2

Finally, the plaintiff argues that the defendant violated the Consumer Protection Act by stating, in its motion to dismiss his complaint, that the plaintiff, having previously lost two prior cases seeking to enjoin the foreclosure and avoid eviction, was "unrepentant," and that his suit against the defendant was "mean-spirited." The Consumer Protection Act "proscribes unfair or deceptive trade practices." Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 24 (2017); see RSA 358-A:2 (Supp. 2018). "[T]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Fat Bullies Farm, LLC, 170 N.H. at 24 (quotation omitted). We conclude that the plaintiff's allegations fail to state a claim for violation of the Consumer Protection Act under this standard. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**