**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0112, <u>Emmanuel Evariste v. Superintendent, Strafford County Department of Corrections & a.</u>, the court on October 25, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Emmanuel Evariste, appeals the order of the Superior Court (<u>Will</u>, J.) dismissing his claims against the defendants, the Superintendent of the Strafford County Department of Corrections and the Strafford County Department of Corrections, arguing that the trial court erred in ruling that his claims are time-barred under the applicable statute of limitations. We affirm.

The standard of review on a motion to dismiss is whether the plaintiff's factual allegations are reasonably susceptible of a construction that would permit recovery. <u>Beane v. Dana S. Beane & Co.</u>, 160 N.H. 708, 711 (2010). This threshold inquiry tests the facts alleged by the plaintiff in his pleadings against the applicable law. <u>Id</u>. The trial court also may consider facts established by documents attached to the plaintiff's pleadings, and documents whose authenticity no party disputes, such as public records or documents referenced in the plaintiff's pleadings. <u>Id</u>. Dismissal is required if the facts do not constitute a basis for legal relief. <u>Id</u>. We assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences from them in the light most favorable to the plaintiff. <u>Id</u>.

In his complaint, the plaintiff alleges that, while he was incarcerated at the Strafford County House of Corrections, he was attacked by another inmate, and while defending himself, a sheriff's officer approached and pepper sprayed him directly in the eyes, causing blindness in his right eye. The plaintiff alleges that he was taken to the medical room, where a male nurse "took a sw[i]ng at [him]" to see if he was blind and knocked him unconscious. The plaintiff alleges that he woke up with a concussion. He alleges that, in the following days, he was taken to an eye doctor outside the facility for an examination.

In his motion to waive the statute of limitations, the plaintiff alleges that the incident occurred "around the spring of 2020." In an affidavit supporting the motion, he notes that documents provided by the Stafford County Sheriff's Department show that the incident occurred on March 18, 2020. The plaintiff filed his complaint on September 23, 2023, more than three years after the alleged incident occurred.

Under RSA 508:4, I (2010), "[e]xcept as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of."

Since the plaintiff filed his complaint more than three years after his cause of action arose, his claims are barred unless the discovery rule applies. See Beane, 160 N.H. at 713. The discovery rule does not apply unless the plaintiff proves that he did not discover, and could not reasonably have discovered, either the alleged injury or its causal connection to the defendants' alleged wrongful act or omission. Beane, 160 N.H. at 713. The plaintiff argues that the discovery rule applies because he did not know the identities of the responsible parties until September 2023, and because he did not initially understand that his blindness was permanent.

The discovery rule "is not intended to toll the statute of limitations until the full extent of the plaintiff's injury has manifested itself." Troy v. Bishop Guertin High Sch., 176 N.H. 131, 136-37 (2023) (quotation omitted). "Rather, that the plaintiff could reasonably discern that [he] suffered some harm caused by the defendant's conduct is sufficient to render the discovery rule inapplicable." Id. (quotation omitted). "Further, a plaintiff need not be certain of this causal connection; the possibility that it existed will suffice to obviate the protections of the discovery rule." Beane, 160 N.H. at 713.

Although the plaintiff may not have known the name of the officer who pepper sprayed him or the name of the nurse who hit him on the date these incidents occurred, he had a sufficient understanding of their roles to file suit against the defendants. And while he may not have known that the pepper spray incident caused permanent blindness in one eye, he knew that the incident caused an immediate loss of vision. Accordingly, we conclude that the discovery rule does not apply, and that the trial court correctly ruled that the plaintiff's claims are time-barred under the applicable statute of limitations. See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.


**Timothy A. Gudas,**
**Clerk**

2