Hillsborough-northern judicial district
No. 2003-164

PEERLESS INSURANCE & a.

v.

VERMONT MUTUAL INSURANCE COMPANY & a.

Argued: November 6, 2003
Reargued: May 12, 2004
Opinion Issued: May 24, 2004

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Todd Hathaway* on the brief and orally), for the plaintiffs.

*Aten Clayton & Eaton PLLC*, of Littleton (*Gregory M. Eaton* on the brief and orally), for the defendants.

DALIANIS, J. This is an appeal by the defendants, Vermont Mutual Insurance Company (Vermont Mutual) and Guumeez-Hill Trust (Guumeez-Hill), from a decree in a declaratory judgment action filed by the plaintiffs, Peerless Insurance (Peerless) and Red Oak Property Management, Inc. (Red Oak), to determine priority of coverage and defense obligations. The Superior Court (*Barry*, J.) granted the plaintiffs' motion for summary judgment on both issues and denied the defendants' cross-motion for summary judgment. We issued an opinion, on February 3, 2004, reversing the superior court. Peerless filed a motion for reconsideration. We granted the motion, withdrew our original opinion and ordered supplemental briefing and reargument. We reverse.

This request for declaratory relief stems from a separate action, *Gladysz v. Desmarais, et al.*, No-02-CV-208-B, pending in the United States District Court for the District of New Hampshire, in which the

plaintiff, Kenneth Gladysz, alleged that his minor children suffered permanent injuries from lead poisoning as a result of the conditions at premises owned by Phillip Desmarais as Trustee of Guumeez-Hill, and managed by Red Oak. Both Vermont Mutual and Peerless provide insurance coverage to Red Oak for Gladysz' claims. Peerless covers Red Oak through a commercial general liability policy issued to Red Oak. Vermont Mutual covers Red Oak through a business owner's liability policy, issued to Desmarais and Guumeez-Hill, pursuant to a clause that covers, as an additional insured, a party who acts as a real estate manager.

Peerless sought a ruling on the priority of coverage and the allocation of defense costs as between itself and Vermont Mutual. The trial court found that Vermont Mutual provided primary coverage to Red Oak and that Peerless provided only excess coverage to Red Oak. Thus, the trial court ruled that Peerless would only be liable, with respect to the underlying action, to the extent that the claim exceeded the coverage provided by Vermont Mutual's policy. Additionally, the trial court ruled that Peerless would only have a duty to contribute to defense costs to the extent that its excess policy was implicated.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Godbout v. Lloyd's Ins. Syndicates*, 150 N.H. 103, 105 (2003). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

Our analysis begins with an examination of the insurance policy language. *Pro Con Constr. v. Acadia Ins. Co.*, 147 N.H. 470, 472 (2002). The interpretation of insurance policy language, like any contract language, is ultimately an issue of law for the court to decide. *Id.* We look to the plain and ordinary meaning of the policy's words in context. *Id.* Policy terms are construed objectively, and where the terms of a policy are clear and unambiguous, we accord the language its natural and ordinary meaning. *Godbout*, 150 N.H. at 105.

We first look at the issue of priority of coverage. The Peerless commercial general liability policy issued to Red Oak contains an endorsement stating:

> With respect to your liability arising out of your management of property for which you are acting as real estate manager this insurance is excess over any valid and collectible insurance available to you.

The Vermont Mutual business owner's liability policy issued to Guumeez-Hill contains an "other insurance" clause stating:

> If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect it or not. But we will not pay more than the applicable Limit of Insurance.

Vermont Mutual concedes that, while its policy operates as excess to "other insurance covering the same loss," it provides primary coverage to Red Oak in the event that there is no "other insurance" available to provide such primary coverage. Vermont Mutual argues, on appeal, that we should interpret Peerless' policy similarly.

The trial court found that Peerless' excess insurance provision was a "pure excess" provision and that its coverage for Red Oak's liability as property manager was "clearly only excess and under no circumstances would the Peerless policy provide primary coverage for Red Oak for liability as a property manager, regardless of other insurers." We disagree with the trial court's ruling.

■ Under a "pure excess" or "true excess" provision, "liability attaches only after a predetermined amount of primary coverage is exhausted." 15 L. RUSS & T. SEGALLA, COUCH ON INSURANCE 3D § 219.33 (rev. ed. 1999). The Peerless policy, however, does not set a predetermined amount at which its policy will begin providing coverage; rather, it purports to make its policy excess in the event that other "valid and collectible" insurance exists to provide primary coverage. Indeed, Peerless states in its own brief that the intent of its commercial general liability coverage was that its policy be "primary ... if no other insurance coverage was applicable." Therefore, we assign the same priority to both Vermont Mutual's and Peerless' excess insurance provisions.

Peerless argues, however, that Vermont Mutual's "other insurance" clause is specifically limited to cases of multiple insurance coverage for its named insureds, Desmarais and Guumeez-Hill, and not additional insureds, such as Red Oak. Peerless directs us to the phrase, "whether you can collect it or not," within the Vermont Mutual "other insurance" provision. The Vermont Mutual policy defines the term "you" as referring to the named insureds, Desmarais and Guumeez-Hill. Thus, Peerless contends that we should infer that Vermont Mutual's "other insurance" provision applies only to other insurance for Desmarais and Guumeez-Hill.

We find this interpretation unavailing. Vermont Mutual purports to make its coverage excess when there is other insurance covering the

"same loss or damage." It then adds the phrase, "whether you can collect it or not," to make explicit the fact that Desmarais and Guumeez-Hill cannot claim coverage when they have other similar coverage, regardless of whether they can collect that coverage. Because Red Oak's coverage, however, is not thereby limited by the phrase, "whether you can collect it or not," Vermont Mutual's coverage acts as excess insurance when Red Oak has "other insurance covering the same loss."

■ Therefore, as we assign the same priority to the excess insurance provisions of Peerless' and Vermont Mutual's insurance policies, we conclude that the excess provisions are mutually repugnant, and order that each insurer be liable for its *pro rata* share of any settlement or judgment based upon the policy limits and share equally in defense costs. *See Universal Underwriters Ins. Co. v. Allstate Ins. Co.*, 134 N.H. 315, 318-19 (1991); *see also Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 116 N.H. 12, 18 (1976) (order on motion for rehearing).

■ Peerless urges us to adopt a test, employed in a small minority of jurisdictions, *see, e.g., Redeemer Covenant Church v. Church Mut.*, 567 N.W.2d 71, 79-80 (Minn. Ct. App. 1997); *SCIC v. Fidelity and Guar. Ins.*, 489 S.E.2d 200, 206 (S.C. 1997), called the "total policy insuring intent test," by which, instead of treating the policies as mutually repugnant, we would look at the specific function and intent of the policies in order to determine their ranking. *See* RUSS & SEGALLA, *supra* § 219:44. We see no reason, under the circumstances of this case, to abandon our long-held rule that conflicting "other insurance" provisions are mutually repugnant. We agree with the reasoning of the Iowa Supreme Court, which stated, in rejecting the application of a similar test, the following:

> Clearness is a prime consideration in settling on a rule, though certainly not the controlling one. Simple fairness often demands a more complex application in preference to one more easily applied. We think it would be easier for the insurers to assess the risks and the appropriate premiums involved, than for the courts to process the disputes among the insurers ....

*Illinois Nat. Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 578 N.W.2d 670, 673 (Iowa 1998).

*Reversed.*

BRODERICK, NADEAU, DUGGAN and GALWAY, JJ., concurred.