# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0441, <u>Sylvain Noiseux v. Gary's RV Centers, LLC & a.</u>, the court on April 7, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Sylvain Noiseux, appeals orders of the Superior Court (<u>Kissinger</u> and <u>Tucker</u>, JJ.): (1) granting in part and denying in part the motion to dismiss filed by the defendants, Gary's RV Centers, LLC d/b/a Camping World RV Sales (Gary's) and Jayco, Inc. (Jayco); (2) denying the plaintiff's motion to amend his complaint; and (3) granting summary judgment to Gary's on the plaintiff's surviving claims. We affirm.

We first consider the plaintiff's arguments regarding the dismissal order. In reviewing a trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. <u>Cluff-Landry v. Roman Catholic Bishop of Manchester</u>, 169 N.H. 670, 673 (2017). We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to him. <u>Id</u>. However, we need not assume the truth of statements in the plaintiff's pleadings that are merely conclusions of law. <u>Id</u>. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. <u>Id</u>.

The Trial Court (<u>Kissinger</u>, J.) dismissed the plaintiff's claims that: (1) Jayco breached the Limited Warranty; (2) both defendants breached the purchase agreement; (3) Jayco violated the Consumer Protection Act (CPA); (4) Jayco breached the implied covenant of good faith and fair dealing; (5) both defendants were negligent; and (6) both defendants committed fraud and negligent misrepresentation.

On appeal, the plaintiff first argues that dismissing his claim that Jayco breached the Limited Warranty was error. The trial court dismissed the plaintiff's claim for breach of the Limited Warranty against Jayco pursuant to the Limited Warranty's forum selection clause, which makes Indiana the exclusive jurisdiction for deciding legal disputes relating to an alleged breach of warranty. <u>See</u> RSA 508-A:3 (2010) (mandating dismissal when parties have "agreed in writing that an action . . . shall be brought only in another state" unless certain circumstances apply). The trial court ruled that the Limited Warranty's forum

selection clause was enforceable given that the plaintiff had made no claim that he was unable to "secure effective relief in Indiana," and had made "no argument . . . that Indiana would be a substantially less convenient place for the trial of this action" or "that the agreement as to the place of the action was obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means." See id.

The plaintiff contends that enforcing the forum selection clause is unjust because he was not provided a complete copy of the warranty until after the motorhome was delivered and "was never made aware of [the warranty's] forum selection clause." To the extent that, in this argument, the plaintiff disavows the Limited Warranty's forum selection clause, we find his argument unpersuasive. As the trial court ruled, the plaintiff's failure to ask for a copy of the Limited Warranty before signing a delivery form certifying that he had "received, read, and [understood]" the warranty's provisions did not negate the terms of the Limited Warranty, including its forum selection clause. Cf. 27 Richard A. Lord, Williston on Contracts § 70:113, at 562-63 (4th ed. 2003) ("A party is not excused from a contract simply for not having read the agreement before signing and accepting its benefits."). Although the plaintiff states that the trial court erred by finding the Limited Warranty's forum selection clause enforceable, he offers no developed argument on this issue. "Judicial review is not warranted for complaints regarding adverse rulings without developed legal argument . . . ." Appeal of Omega Entm't, 156 N.H. 282, 287 (2007).

The plaintiff next asserts that the trial court erred by determining that the forum selection clause in the purchase agreement was enforceable. Despite this determination, however, the trial court did not, in fact, dismiss any of the plaintiff's claims pursuant to the purchase agreement's forum selection clause. Indeed, the trial court concluded that the purchase agreement's forum selection clause is ambiguous and, therefore, "does not require the Court to dismiss [the plaintiff's] action."

The plaintiff next argues that the trial court erred by dismissing his claim that Gary's breached the purchase agreement. The trial court dismissed the claim, in part, because the front portion of the agreement (the only portion the plaintiff conceded that he read and signed) provided that any claim arising out of the purchase agreement had to be brought within one year of the October 3, 2017 sale date, and the plaintiff brought this action outside the one-year window. Notably, the trial court did not grant the motion to dismiss as to the plaintiff's claim that Gary's breached the extended service plan, which the plaintiff refers to as a "Five-Year Warranty."

The plaintiff argues that "it escapes sound logic as to how [he] could have reasonably been held to a one-year action window" when the purchase agreement "included the Five-Year Warranty." We are unpersuaded by the plaintiff's

attempt to revive his claim that Gary's breached the purchase agreement by relying upon the terms of the extended service plan. Contrary to his assertions, the purchase agreement does not incorporate the terms of the extended service plan; rather, the purchase slip merely contains a notation indicating plaintiff's purchase of the plan.

The plaintiff next contends that the trial court erred by dismissing his Consumer Protection Act (CPA) claim against Jayco. The CPA proscribes unfair or deceptive trade practices in general and sets forth a list of 18 specific types of conduct that qualify as unfair or deceptive trade practices. See RSA 358-A:2 (2022). "In determining which commercial actions not specifically delineated are covered by the act, we have employed the 'rascality' test." Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 24 (2017) (quotation omitted). Under that test, "the objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Id. (quotation omitted).

The trial court observed that, "[w]ith respect to Jayco, [the plaintiff] alleges only that Jayco 'assured [him] that certain repairs and/or actions would occur when they never did.'" The trial court determined that this allegation was insufficient to state a claim under the CPA because: (1) the court could not determine from the allegations whether Jayco made the representations "in a bona fide attempt to fulfill its contractual duties under the Limited Warranty"; (2) the plaintiff "separately [alleges] in the Complaint that Jayco's inability to repair the vehicle constitutes a breach of that contract" and "[a]n ordinary breach of contract claim . . . is not a violation of the CPA," State v. Sideris, 157 N.H. 258, 262 (2008); and (3) "none of Jayco's alleged conduct rises to the level of rascality that would amount to an unfair or deceptive act within the meaning of the CPA."

The plaintiff, as the appealing party, has the burden of demonstrating that the trial court's dismissal of his CPA claim against Jayco constituted reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon the trial court's well-reasoned decision, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not met that burden. See id. We also conclude that the plaintiff has not met his burden of demonstrating that the trial court committed reversible error when it dismissed his fraud and negligent misrepresentation claims.

We next consider the plaintiff's arguments related to the denial of his motion to amend his complaint. Under RSA 514:9, a trial court may permit a substantive amendment to pleadings "in any stage of the proceedings, upon such terms as the court shall deem just and reasonable, when it shall appear to the court that it is necessary for the prevention of injustice." "Although amendment of pleadings is liberally permitted, the decision to grant or deny a motion to amend rests in the sound discretion of the trial court." Dent v. Exeter Hosp., 155

N.H. 787, 796-97 (2007).  "We will not overturn that decision unless it is an unsustainable exercise of discretion."  Id.

Here, as the defendants correctly observed in their objection to the plaintiff's motion to amend, the plaintiff's "proposed substantive amendments repeat[ed] statements he made in his Objection to the Motion to Dismiss and which the Court expressly considered in dismissing several of his claims" and "state[d] legal conclusions that the [trial court had] already rejected."  Under these circumstances, we agree with the Trial Court's (Tucker, J.) observation on reconsideration of the denial of the motion to amend that the proposed amended complaint would not have cured the defects in the original complaint, and conclude, therefore, that the Trial Court (Kissinger, J.) did not unsustainably exercise its discretion by denying the motion to amend.  See Gould v. George Brox, Inc., 137 N.H. 85, 90 (1993).

Finally, we consider the plaintiff's arguments related to the Trial Court's (Tucker, J.) grant of summary judgment to Gary's on his claims for breach of the extended service plan, breach of the implied covenant of good faith and fair dealing, and violation of the CPA.  When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party.  See Peerless Ins. v. Vt. Mut. Ins. Co., 151 N.H. 71, 72 (2004).  If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper.  Id.  We review the trial court's application of the law to the facts de novo.  Id.

The trial court granted summary judgment to Gary's on the plaintiff's claim that Gary's breached the extended service plan on the ground that Gary's is not a party to the plan.  Our review of the extended service plan confirms that Gary's is not a party to the plan.  The obligor under the plan is "United Service Protection Corp," not Gary's.

The trial court granted summary judgment to Gary's on the plaintiff's claims for breach of the implied covenant of good faith and fair dealing and violation of the CPA because both claims "are premised on the notion that Gary's persuaded [the plaintiff] to purchase [the extended service plan] with a false promise that he could bring the motor home to Gary's for repair," and the "uncontroverted" evidence is that Gary's is a separate corporate entity from the entity from which the plaintiff purchased his motorhome and extended service

4

plan.  The plaintiff's appellate arguments fail to persuade us that the trial court's summary judgment rulings constitute reversible error.  See Gallo, 166 N.H. at 740.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**