NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Hillsborough-southern judicial district
No. 2022-0259

LARISSA TROY

v.

BISHOP GUERTIN HIGH SCHOOL & a.

Argued: April 19, 2023
Opinion Issued: August 10, 2023

Law Office of Joshua L. Gordon, of Concord (Joshua L. Gordon on the brief and orally), for the plaintiff.

Airdo Werwas, LLC, of Chicago, Illinois (Michael A. Airdo and Brian J. Hingston on the brief), and Winer and Bennett, LLP, of Nashua (David K. Pinsonneault and John M. Edwards on the brief, and John M. Edwards orally), for the defendants.

DONOVAN, J. The plaintiff, Larissa Troy, appeals an order of the Superior Court (Temple, J.) granting summary judgment in favor of the defendants, Bishop Guertin High School (BGHS) and Brothers of the Sacred Heart of New England, Inc. (BSHNE), based upon the court's finding that the plaintiff's claims are barred by the statute of limitations. On appeal, the plaintiff argues that the trial court erred because the plaintiff did not obtain

personal knowledge of the causal connection between her alleged injury and the defendants' hiring practices until 2017, which, pursuant to the discovery rule set forth in former RSA 508:4-g, II (2010) (amended 2020), tolled the statute of limitations to permit her 2018 lawsuit. Viewing the evidence in the light most favorable to the plaintiff, we conclude that there is a material factual dispute as to when the plaintiff knew, or in the exercise of reasonable diligence, should have known, that her injury was proximately caused by the defendants' conduct. Accordingly, we reverse the trial court's grant of summary judgment and remand.

## I. Facts

The following facts are supported by the summary judgment record. BGHS is a private Catholic school owned and operated by BSHNE. In 1988, Shawn McEnany was convicted in Maine of unlawful sexual conduct with a fifteen-year-old female student while McEnany was teaching at another school that BSHNE owned and operated. Despite knowledge of this conviction, in 1990, BSHNE hired McEnany to teach at BGHS. Leo Labbe, the official responsible for the hiring, "believed that it was safe" to hire McEnany "because it was, at the time, an all-boys school." Prior to hiring McEnany, Labbe did not consult with a psychological or mental health professional as to whether McEnany would pose a risk to female students. In 1992, BGHS admitted female students. Nevertheless, BGHS did not take any action to limit McEnany's contact with female students and did not alert the parents or students of his prior conviction.

The plaintiff attended BGHS from 1992 to 1996. In the fall of 1995, when the plaintiff was seventeen years old and a senior at BGHS, the plaintiff alleges that McEnany sexually assaulted her on two occasions on the BGHS campus. The first incident occurred in the student locker area while the plaintiff sat on a radiator near her sister. Afterwards, the plaintiff told her sister, who witnessed the incident, to "stay away" from McEnany. The second incident occurred in a classroom while students were taking an exam.

The plaintiff testified in her deposition that she reported the second assault to the BGHS Dean of Students. The plaintiff recounted that the Dean accused her of lying and told her that if she continued to repeat the story, she would be in trouble. The plaintiff also informed her mother of the sexual assault, who did not believe her. Following these alleged incidents and disclosures, McEnany continued to teach at BGHS. The plaintiff graduated from BGHS in 1996 and attended college in New England that fall.

In November 1997, McEnany was charged in New Hampshire "with teaching as a convicted sex offender and failing to register as a sex offender." In response, Labbe, BGHS's headmaster at that time, addressed the faculty and student body and confirmed that McEnany had been convicted of unlawful

sexual contact with a fifteen-year-old female student while teaching in Maine and that BGHS hired McEnany despite knowing of his prior conviction. BGHS also sent two letters to BGHS families concerning McEnany's criminal history. The first letter disclosed the details of McEnany's prior conviction, claimed that McEnany did not engage in any improper conduct at BGHS, and explained that due to his pending criminal charges, McEnany had been reassigned. The second letter acknowledged BGHS's prior knowledge of McEnany's conviction when it hired him, but explained that Labbe personally believed that McEnany had been rehabilitated such that he could return to teaching. At that time, the plaintiff's two younger sisters attended BGHS. Nevertheless, the plaintiff asserts that she had no knowledge at that time of BGHS's public disclosures, that her sisters never discussed these events with her, and that the plaintiff's mother denied receiving the second letter.

Rather, the plaintiff asserts that she first became aware of BGHS's public disclosures and of McEnany's prior conviction in May 2017. That spring, the plaintiff received a message from her brother-in-law discussing a Facebook post by the school acknowledging her athletic career at BGHS. Further, the plaintiff read a newspaper article detailing sexual abuse at another private school. She alleges that these two events caused her to start "thinking about McEnany's abuse" and motivated her "to Google search his name." She also alleges that upon reading newspaper articles on the website "bishopaccountability.org," she first learned of McEnany's history of abuse and that BGHS "had previously been sued by other students relative to sexual abuse they had endured at the hands of [BGHS's] faculty members." She claims that she "did not make any connection in her mind between the sexual abuse by McEnany and the psychological problems she was experiencing," until her internet search in 2017.

In 2017, McEnany passed away. In May 2018, more than twenty-two years after the alleged assaults, the plaintiff brought two common law claims alleging that the defendants were: (1) negligent in hiring, retaining, and supervising McEnany; and (2) negligent in that they failed to protect her while she was a student at BGHS. According to her expert, the plaintiff reported that while at college, between 1996 and 2000, she struggled with her grades because she was "preoccupied with [her] bad feelings and memories of the assault." Moreover, during college, she suffered from panic attacks that were often followed by "days of traumatic memories" related to the assaults and that these "intrusive memories" have continued into the present.

Thereafter, the parties filed cross-motions for summary judgment addressing the question of whether the application of the statute of limitations barred the plaintiff's claims. The plaintiff argued that it was undisputed that, until 2017, she had no knowledge either of the letter that Labbe sent in 1997 to the parents of BGHS students, or that BGHS knowingly hired a convicted sex offender. Therefore, in her view, because she did not make the causal

connection between her alleged injuries, the alleged sexual abuse by McEnany, and the defendants' prior knowledge of McEnany's conviction until 2017, both of her claims are within the three-year statute of limitations set forth in the discovery rule of former RSA 508:4-g, II.  The defendants argued that the plaintiff failed to satisfy her burden of proving that the discovery rule applied to her claims.  Instead, in their view, summary judgment was proper pursuant to former RSA 508:4-g, I (2010) (amended 2020) because the statute of limitations expired on the plaintiff's thirtieth birthday, in 2008.

In February 2022, the trial court issued an order granting the defendants' motion for summary judgment and ruling that the plaintiff's claims are barred by the statute of limitations as set forth in RSA 508:4-g, I.  The trial court found that the record "conclusively demonstrates" that the plaintiff "did not bring this action by her thirtieth birthday," see RSA 508:4-g, I, and failed to satisfy her burden of proving that the discovery rule applied because she knew or should have known: "(1) that she has been abused; (2) the identity of her abuser; (3) that the defendants employed the abuser; and (4) that the abuse occurred on the employer's property," see RSA 508:4-g, II.  The plaintiff moved for reconsideration, which the court denied.  This appeal followed.

## II. Analysis

On appeal, the plaintiff argues that the trial court erred in its application of the discovery rule when granting the defendants' motion for summary judgment.  When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party.  See Peerless Ins. v. Vt. Mut. Ins. Co., 151 N.H. 71, 72 (2004).  If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper.  Id.  We review the trial court's application of the law to the facts de novo.  Id.

The narrow question raised in this appeal is whether the statute of limitations barred the plaintiff's claims.  As relevant here, former RSA 508:4-g provided that a person "alleging to have been subjected to any offense under RSA 632-A" and who was under 18 years of age when the alleged offense occurred, may commence a personal action based on the incident within the later of:

I.  Twelve years of the person's eighteenth birthday; or
II.  Three years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of. [1]

---

[1] We note that RSA 508:4-g was amended in 2020 to allow a party alleging to have been subjected to any offense under RSA chapter 632-A (2016 & Supp. 2022) and RSA 639:2 (2016) to

4

The effect of Section I is to provide a longer statute of limitations for personal actions alleging sexual assault of a minor than the general rule for "Personal Actions" in RSA 508:4 (2010). On the other hand, Section II incorporates the so-called "discovery rule" exception applicable to all personal actions. See RSA 508:4. Here, the plaintiff alleges that the defendants' employee, McEnany, committed an "offense" against her enumerated in RSA chapter 632-A (2016 & Supp. 2022), that the alleged offense occurred when the plaintiff was under eighteen years of age, and that it is not disputed that she did not file suit before her thirtieth birthday in 2008. Therefore, the issue we must decide is narrow: whether the trial court erred by granting summary judgment to the defendants on the basis that the plaintiff failed to satisfy the discovery rule by bringing this action within "[t]hree years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of." RSA 508:4-g, II.

"The purpose of the discovery rule is to provide injured parties an avenue of relief when they did not and reasonably could not know of the harm or its causal link to a wrongful act or omission by another party." Petition of N.H. Div. for Children, Youth & Families, 173 N.H. 613, 618 (2020). The discovery rule is a two-pronged rule requiring both prongs to be satisfied before the statute of limitations begins to run. Beane v. Dana S. Beane & Co., 160 N.H. 708, 713 (2010). First, a plaintiff must know or reasonably should have known that the plaintiff has been injured; and second, a plaintiff must know or reasonably should have known that the plaintiff's injury was proximately caused by conduct of the defendant. Id. "Thus, the discovery rule exception does not apply unless the plaintiff did not discover, and could not reasonably have discovered, either the alleged injury or its causal connection to the alleged negligent act." Perez v. Pike Inds., 153 N.H. 158, 160 (2005). Once the defendant has established that the statute of limitations would bar the action, the plaintiff has the burden of proving that the discovery rule applies. Beane, 160 N.H. at 713. Here, because the plaintiff filed this action in May 2018, she had the burden to establish that at least one of these prongs was not satisfied at any point prior to May 2015.

As to both prongs, although the discovery rule tolls the limitations period until a plaintiff discovers, or should reasonably have discovered, the causal connection between the harm and the defendant's negligent or wrongful act, this rule "is not intended to toll the statute of limitations until the full extent of the plaintiff's injury has manifested itself." Furbush v. McKittrick, 149 N.H. 426, 431 (2003). "Rather, that the plaintiff could reasonably discern that [she]

_____

"commence a personal action at any time." RSA 508:4-g (Supp. 2022). However, in this case, the parties agreed that the applicable statute of limitations is the version of RSA 508:4-g in effect when the action was filed in 2018. This opinion assumes the parties' positions are legally accurate and will limit its analysis accordingly.

suffered some harm caused by the defendant's conduct is sufficient to render the discovery rule inapplicable." Id. (quotation omitted). A plaintiff need not be certain of this causal connection; the possibility that it existed will suffice to obviate the protections of the discovery rule. Beane, 160 N.H. at 713.

A party attempting to invoke the discovery rule will be held to a duty of reasonable inquiry. Portsmouth Country Club v. Town of Greenland, 152 N.H. 617, 624 (2005). The discovery rule applies only when a plaintiff "did not have, and could not have had with due diligence, the information essential to bringing suit." Id. (quotation omitted). Moreover, as the plaintiff concedes, "the discovery rule employs an objective standard." Accordingly, the plaintiff's subjective knowledge is not dispositive of her claim. Rather, the standard is what a plaintiff "in the exercise of reasonable diligence should have discovered." RSA 508:4-g, II; see also Beane, 160 N.H. at 713. "Whether the plaintiff exercised reasonable diligence in discovering the causal connection between the injury and the defendant's alleged act or omission is a question of fact." Balzotti Global Grp., LLC v. Shepherds Hill Proponents, LLC, 173 N.H. 314, 321 (2020) (quotation omitted).

We begin our discussion by noting that the parties agree that the plaintiff knew or should have known that she suffered an injury as a result of the assaults prior to May 2015. Accordingly, we consider whether the plaintiff knew or should have known of the causal connection between her injuries and the defendants' conduct prior to May 2015. The trial court found that the plaintiff knew or should have known of the causal connection between her injury and the defendants' conduct immediately following the alleged assaults. In reaching this conclusion, the trial court relied primarily on the fact that, at the time of the abuse, the plaintiff knew that McEnany was employed by the defendants. In so finding, the trial court erred. We cannot conclude that, based only upon McEnany's employment, the plaintiff should have become aware of the causal connection between her injury and the two common law claims that she now brings in her action against the defendants. Simply put, the plaintiff's knowledge that she had been injured and that her assailant was employed by the defendants differs from her knowing of the causal connection between the injury and the defendants' alleged acts or omissions in hiring, retaining, and supervising McEnany.

The trial court relied on a number of out-of-state cases to conclude that an employment relationship between the abuser and the defendants is sufficient to put the plaintiff on notice. Specifically, the court quoted at length Doe v. Catholic Bishop for Memphis, 306 S.W.3d 712 (Tenn. Ct. App. 2008), a case in which the Tennessee Court of Appeals dismissed the plaintiff's childhood sexual abuse claim, ruling that the discovery rule did not toll the statute of limitations. In that case, the court observed that a "majority of courts . . . have held that the plaintiff, at the age of majority and in the exercise of reasonable diligence, would have learned that the employer church had

knowledge of the clergy member's prior sexual abuse, and that therefore, as a matter of law, the statute of limitations was not tolled." Doe, 306 S.W.3d at 722. However, the Doe Court acknowledged that other courts have concluded that it "was for the jury to decide whether the plaintiff, in the exercise of reasonable diligence," would have discovered that the employer was the cause of the injury. Id. at 726.

We decline to establish a per se rule that the plaintiff's knowledge of the abuser's employer is alone sufficient to trigger the application of the discovery rule. This inquiry presents a question of fact. See, e.g., Balzotti Global Grp., LLC, 173 N.H. at 321. Further, the discovery rule employs an objective standard. Portsmouth Country Club, 152 N.H. at 624. Allegations of childhood sexual abuse arise in varied and complicated factual settings. In this case, the plaintiff asserts that she reported the second assault to the Dean of Students who, in response, accused her of lying and warned her not to repeat her allegations. The alleged conduct occurred in a school, where adults are charged with keeping students safe. See Doe, 306 S.W.3d at 727 ("'[T]here is no duty of inquiry where there is no reason to suspect that a party's involvement contributed to the injuries . . . .'" (quoting Matthews v. Roman Catholic Diocese of Pittsburgh, 67 Pa. D. & C.4th 393, 407 (Pa.Com.Pl.2004))).

As the Doe Court observed, other courts have declined to conclude that a plaintiff is placed on inquiry notice simply because the perpetrator is an employee of the defendant. See Doe, 306 S.W.3d at 726-27 (citing cases); see also Turner v. Roman Catholic Diocese, 987 A.2d 960, 982-83 (Vt. 2009). Courts addressing this issue in analogous legal and factual contexts have reached similar conclusions. See, e.g., Snyder-Hill v. Ohio State University, 48 F.4th 686, 704 (6th Cir. 2022) (reversing dismissal of plaintiffs' Title IX action alleging sexual abuse by a university's employee because the claims accrued when the plaintiffs knew or had reason to know that the university was deliberately indifferent to prior sexual harassment of which it had actual knowledge); Ouellette v. Beaupre, 977 F.3d 127, 141-42 (1st Cir. 2020) (applying the federal discovery rule to reverse trial court's summary judgment ruling dismissing plaintiff's childhood sexual abuse claims because knowledge of a "tortfeasor's employer and supervisor does not necessarily equate to knowledge of a causal connection between the tort and the employer and supervisor"); Karasek v. Regents of University of California, 500 F. Supp. 3d 967, 979 (N.D. Cal. 2020) (the "touchstone" of accrual is notice of the injury that is the basis of the plaintiff's action and, in the context of a Title IX action, an assault does not give a plaintiff knowledge of an institution's conduct); Hernandez v. Baylor University, 274 F. Supp. 3d 602, 616-17 (W.D. Tex. 2017) (plaintiff's knowledge that her abuser had previously assaulted other women was insufficient to demonstrate that she was on notice to investigate the defendant's knowledge of the abuser's history or the school's conduct in administering its football program). We agree with the analyses employed by these courts with respect to the discovery rule's causal connection requirement

and conclude that the trial court erred in granting summary judgment to the defendants.

We decline to address the defendants' alternative arguments because the trial court did not address them and did not consider the evidence regarding the 1997 public disclosures.  In light of our holding, we reverse the trial court's grant of summary judgment and remand this case to the trial court for further proceedings.

<u>Reversed and remanded</u>.

MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.